## LEIGH CO. v. INDEPENDENT DITCH CO.

A complaint, alleging that plaintiffs are the owners, and in possession of certain mining-claims on a certain stream, and are entitled to the natural flow of the waters of the stream, which had been diverted to their injury by defendants, sets forth a sufficient cause of action.

It is not necessary that the complaint should further allege an appropriation of the water, or an ownership thereof.

APPEAL from the District Court of the Eleventh Judicial District, County of Placer.

The complaint alleges that the plaintiffs were the owners, and in the possession of certain mining-claims, situated in Volcano Cañon, over which the waters of said cañon naturally flowed, and that they were entitled to have the waters of said cañon flow as they naturally did, but that defendants diverted them to the injury of plaintiffs. The defendants demurred to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, in this, that the complaint did not state that plaintiffs were the owners of, or had appropriated the water, or had been in possession of the same. The demurrer was overruled, and defendants appealed.

No brief on file for Appellants.

*Tuttle and Hillyer* for Respondents.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

The demurrer was properly overruled. The allegation that the plaintiffs were the owners, and in the possession of the mining-claims, was sufficient, without setting out any of the particulars of their title. And the ownership and possession of the claims, drew to them the right to the use of the water flowing in the natural channel of the stream. The diversion of the water was, therefore, an injury to the plaintiffs, for which they could sue. The principle involved in this case, was expressly decided by this Court, in the case of Crandall and others *v.*

Woods and others, July, 1857. In that case it was said: "One who locates upon public lands with the view of appropriating them to his own use, becomes the absolute owner thereof, as against every one but the government, and is entitled to all the privileges and incidents which appertain to the soil, subject to the single exception of rights antecedently acquired."

Judgment affirmed.